FILED
JUN 17 2024
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) Criminal No. 2:24mj 112 | |
| DAVID STINETTE JONES ) | |
| Defendant. ) | |
| ) | |
| ) | |

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, ATF Task Force Officer Justin Matthews being duly sworn depose and states as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I have been employed as an ATF Task Force Officer since 2017. I am an investigator or law enforcement officer of the United States within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(c), that is, a federal agent empowered to conduct investigations and engaged in enforcing criminal statutes. I am currently assigned to the Norfolk Field Office and charged with investigating violations of federal firearms, explosives, and arson laws.

2. I have completed extensive training emphasizing firearm and narcotic investigations and enforcement, to include training on laundering of drug proceeds. I have conducted and assisted in investigations into unlawful possession, purchase, and sale of firearms and narcotics. These investigations have led to arrests and convictions for violations of federal firearm and narcotics laws. I have also prepared and executed many arrest and search warrants for criminal offenses involving violations of federal firearm and narcotics laws. I am familiar with the methods in which traffickers conduct their illegal activities, to include communication methods, asset management, and narcotic transactions. I have received additional training in interstate

1

firearms trafficking, international firearms trafficking, and long-term case investigations. And I have testified in federal court in the Eastern District of Virginia.

3. This affidavit is submitted in support of a criminal complaint charging DAVID STINETTE JONES (hereafter referred to as "JONES") with felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). This affidavit is also submitted in support of an arrest warrant.

4. The facts and information contained in this affidavit are based upon my training and experience, participation in firearms and narcotics investigations, personal knowledge, and observations during this investigation, as well as the observations of other law enforcement officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during this investigation.

5. During this investigation, ATF Confidential Sources (hereafter referred to as CS1 and CS2) were utilized to provide information and conduct controlled purchases of firearms and narcotics. CS1 and CS2 have provided true and accurate information in the past that has led to the arrests and convictions of numerous individuals and seizure of firearms, narcotics, and U.S. currency in both state and federal court. This affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant. I have set forth only those facts that I believe to be necessary to establish probable cause for the charges described below and have not included every fact and matter observed by me or known to the Government.

## FACTS SUPPORTING PROBABLE CAUSE

6. In January of 2024, the Bureau of Alcohol, Tobacco, and Firearms and Explosives (ATF) and the Chesapeake Police Department (CPD) started a joint investigation into JONES who was identified as a source of supply (SOS) for firearms and narcotics in the Hampton Roads area.

7. On or about January 3, 2024, CS1 and CS2 met an individual they knew as "Boosie." CS1 and CS2 originally met BOOSIE around November of 2023, around Citgo located at 2338 E. Princess Anne Road, Norfolk, Virginia and knew him as a SOS for narcotics. During a conversation with BOOSIE, he indicated that he had a firearm for sale for $400.00. BOOSIE pulled a photograph up on his phone and allowed CS1 to photographs it (depicted below).



CS1 and CS2 arranged to purchase the firearm and an 8 ball (3.5 grams) of heroin from BOOSIE the following day.

8. On January 4, 2024, CS1 and CS2 confirmed BOOSIE was available to complete the transaction. CS1 and CS2 met with the investigative team at a prearranged location and were searched before and after and found free of contraband. CS1 and CS2 were provided recording devices to record the transactions and provided government funds to complete the purchase.

9. CS1 and CS2 contacted BOOSIE and arranged to meet him at the Citgo located at 2338 E. Princess Anne Road, Norfolk, Virginia to complete the transaction. BOOSIE met with the CIs and entered their vehicle. BOOSIE directed the CS1 to a residence (1349 Herbert Collins

Way, Norfolk, Virgnia) around the corner to obtain the firearm. Once they arrived, BOOSIE exited the vehicle and entered the residence. After a short amount of time, BOOSIE exited the residence with a rifle case containing a rifle. BOOSIE entered the vehicle and sold the rifle, a .22 caliber CBC (Companhia Brasiliera De Cartuchos) rifle, Model: 702 Plinkster, SN: EEH208112, with two (2) high-capacity magazines each with 20 rounds of ammunition and firearm parts to CS1 for $400.00. Once the purchase of the firearm was completed, CS1 drove BOOSIE back to the Citgo to wait for BOOSIE's SOS for heroin. BOOSIE made several phone calls to obtain the 8 ball of heroin. While waiting, CS1 and CS2 learned BOOSIE was in possession of approximately 1 ½ grams of cocaine base at least. BOOSIE called an individual named "IKE" over to the vehicle. BOOSIE provided IKE a small amount of cocaine base.

10. The .22 caliber CBC (Companhia Brasiliera De Cartuchos) rifle, Model: 702 Plinkster, SN: EEH208112, was Manufactured by Companhia Brasiliera De Cartuchos (CBC) in Brazil and imported into the United States by Mossberg International Inc. located in the State of Connecticut and therefore traveled in or affected interstate and foreign commerce.

11. While waiting for BOOSIE's SOS to deliver the heroin, BOOSIE saw another SOS pull up in a black Lincoln at the Citgo. BOOSIE exited the vehicle and met with the occupant of that vehicle for a short amount of time. BOOSIE returned with a large amount (described as approximately two (2) ounces) of heroin/fentanyl. CS1 provided a scale and BOOSIE weighed out the suspected heroin/fentanyl and sold it to CS1 for $300.00.

12. Once the purchase was completed, CS1 and CS2 met with the investigative team and turned over all evidence and recording devices. The suspected heroin/fentanyl was sent to the Department of Forensic Science for analysis and found to weigh 4.35 grams and tested positive for Fentanyl and Xylazine.

13. On January 5, 2024, ATF contacted Probation and Parole in Norfolk, Virginia for assistance with identifying BOOSIE. BOOSIE was identified as DAVID STINETTE JONES. I learned that JONES is currently on probation.

14. A criminal history check was conducted and reviewed showing JONES' Virginia Criminal Record. I found JONES has eight (8) prior felony convictions and is prohibited from possessing firearms.

15. A check with the Commonwealth of Virginia Executive Department and found JONES had not had his civil rights restored. I conducted a check of the restoration of firearm rights with the Norfolk Circuit Court as this is the jurisdiction in which JONES was convicted and is known to reside. I found JONES has not had his firearm rights restored.

16. Research was completed on the above-listed firearms and all identified firearms were found to have been manufactured outside the Commonwealth of Virginia. Therefore, each firearm affected interstate and/or foreign commerce.

## CONCLUSION

17. Based on the foregoing, I submit that there is probable cause to believe that on or about January 4, 2024, in the Eastern District of Virginia, DAVID STINETTE JONES, knowing that he had been previously convicted of a crime punishable by a term exceeding one year, did knowingly and intentionally possess a firearm, to wit: .22 caliber CBC (Companhia Brasiliera De Cartuchos) rifle, Model: 702 Plinkster, SN: EEH208112, having previously been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

17. I further request that the Court authorize issuance of an arrest warrant for DAVID STINETTE JONES for these offenses.

Further your affiant sayeth naught.

*Justin Matthews*
Justin Lee Matthews, Task Force Officer
Bureau of Alcohol, Tobacco, and Firearms (ATF)

Sworn and subscribed to before me this 17th day of June 2024.

_____
UNITED STATES MAGISTRATE JUDGE

Read and Reviewed:

_____
Graham M. Stolle
Special Assistant United States Attorney